# Ex. B

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (the "Agreement") is made and entered into between Aguilar Auto Repair, LLC and Central Coast Tobacco Company, LLC (collectively, "Plaintiffs"), individually and in their representative capacity on behalf of the Settlement Class Members defined below, on the one hand, and Wells Fargo Bank, N.A. ("Wells Fargo"), Priority Technology Holdings, Inc. and Priority Payment Systems, LLC (together, "Priority"), and The Credit Wholesale Company, Inc. ("Wholesale") (collectively, "Defendants"), on the other hand, subject to Court approval as required by Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs and the Defendants are sometimes individually referred to herein as a "Party" and collectively as the "Parties."

## I.    RECITALS

**WHEREAS**, on October 10, 2023, Plaintiffs filed a class action lawsuit against Defendants in the Superior Court of the State of California for the County of San Francisco;

**WHEREAS**, on December 4, 2023, Wells Fargo removed the suit to the United States District Court for the Northern District of California (the "Court"), which is now entitled *Aguilar Auto Repair, LLC, et al. v. Wells Fargo Bank, N.A., et al.*, Case No. 3:23-cv-06265 (the "Lawsuit"). The Lawsuit alleges, among other things, that Wells Fargo and Priority were in a principal-agent relationship with Wholesale and that, in the scope of that relationship, Wholesale violated Sections 632 and 632.7 of the California Invasion of Privacy Act ("CIPA") by recording certain telephone calls to California businesses;

**WHEREAS**, Plaintiffs filed an amended complaint (the "Amended Complaint") in the Lawsuit on February 16, 2024;

**WHEREAS**, the Parties agreed to participate in an Early Settlement Conference and, as part of that process, exchanged information, including, but not limited to, the contracts amongst Defendants and data on call volume obtained from third parties via subpoena;

**WHEREAS**, on August 15, 2024, the Parties participated in an Early Settlement Conference before the Magistrate Judge Donna M. Ryu during which the Parties were unable to reach a settlement;

**WHEREAS**, the Parties thereafter continued to engage in settlement discussions with the assistance of Magistrate Judge Donna M. Ryu, which resulted in the Parties reaching the settlement set forth herein;

**WHEREAS**, the terms and conditions of the settlement set forth herein were reached after extensive, *bona fide*, arm's-length negotiations among the Parties by their respective attorneys and other representatives;

**WHEREAS**, the Parties have investigated the facts and have analyzed the relevant legal issues with regard to the claims and defenses asserted in the Lawsuit. Based on this investigation,

Plaintiffs believe the Lawsuit has merit while Defendants believe the Lawsuit has no merit, deny all liability, and deny that any class should be certified in the Lawsuit. The Parties also have each considered the uncertainties of trial and the benefits to be obtained under the proposed settlement, and have considered the costs, risks, and delays associated with the continued prosecution of this complex litigation, and the likely appeals of any rulings in favor of either Plaintiffs or Defendants. After undertaking this investigation and analysis, counsel for Plaintiffs ("Class Counsel," as identified in Paragraph 49 below) believe that it is in the best interest of Settlement Class Members (as defined in Paragraph 23 below) to enter into this Agreement;

***NOW, THEREFORE,*** in consideration of the representations, covenants, and promises contained in this Agreement and other good and valuable consideration, the receipt and sufficiency of which are hereby confessed and acknowledged as evidenced by the execution of this Agreement, the Parties agree, subject to Court approval, as follows:

## II.    SETTLEMENT CLASS RELIEF

**1.    Settlement Fund:**  In exchange for the mutual promises and covenants in this Agreement, including without limitation, the release and dismissal of the Lawsuit as set forth in Paragraphs 21 and 22 below, Defendants shall pay an amount of Nineteen Million Five Hundred Thousand Dollars ($19,500,000) (the "Settlement Payment") to create a fund on behalf of Settlement Class Members (the "Settlement Fund"). The Settlement Payment, along with $200,000 in Settlement Administration Costs as set forth in Paragraph 10 below, represents the total extent of Defendants' monetary obligations under this Agreement. In no event shall Defendants' total monetary obligation with respect to this Agreement exceed the Settlement Payment and $200,000 in Settlement Administration Costs.

**2.    Settlement Class Member Payments:**  Each Settlement Class Member who does not elect to opt-out as set forth below in Paragraph 19 shall be eligible under this Agreement for a cash payment (the "Settlement Class Member Payment") for each call that was received from Wholesale between October 22, 2014 through November 17, 2023 as described in the Settlement Class definition set forth below in Paragraph 23 (an "Eligible Call"). Each Settlement Class Member Payment will be in an amount equal to the "Net Settlement Fund" divided by all Eligible Calls that were made to Settlement Class Members who timely and validly submit a claim as described below, up to a maximum of Five Thousand Dollars ($5,000) for each Eligible Call. "Net Settlement Fund" means the Settlement Fund less the amount of attorneys' fees and costs awarded to Class Counsel, incentive awards awarded to Plaintiffs, and any Settlement Administration Costs in excess of $200,000 as provided in Paragraph 10 below. Settlement Class Members who received multiple Eligible Calls are entitled to a Settlement Class Member Payment for each Eligible Call and the Settlement Administrator may include all Settlement Class Member Payments for any such Settlement Class Member in a single settlement check.

**3.    Prospective Relief:**  Wholesale agrees going forward that it will not record appointment-setting calls to phone numbers with California area codes unless it is disclosed at the outset of the call that the call is being recorded.

4.    **Claims Process:**  In order to receive a Settlement Class Member Payment, a Settlement Class Member must complete the Claim Form sent with the Notice as described below in Paragraph 7(a). or submit a claim online at the Settlement Website described below in Paragraph 8. Only one Claim Form is required for each Settlement Class Member even if the Settlement Class Member received and is eligible for payment for several Eligible Calls. The "Claims Deadline" for Settlement Class Members to submit a claim for a Settlement Class Member Payment shall be fifty-six (56) days after the Notice Date as set forth below in Paragraph 7(a). A claim shall be timely if postmarked or submitted online on or before the Claims Deadline. Claims postmarked or submitted online within seven (7) days after the Claims Deadline shall also be deemed timely and shall be eligible for a Settlement Class Member Payment.

### III.    SETTLEMENT CLASS NOTICE AND SETTLEMENT ADMINISTRATION

5.    **Retention of Settlement Administrator:**  Verita Global (the "Settlement Administrator") will be retained as the settlement administrator. If Verita Global, LLC is unable or unwilling to be the settlement administrator then the Parties will jointly select a reputable settlement administrator to administer the notice and settlement or, absent an agreement by the Parties, one will be appointed by the Court. The costs and expenses of claims administration shall be overseen by Class Counsel. Defendants' counsel may also oversee the claims administration process as they deem necessary. The Parties will use good faith efforts to minimize the costs of settlement administration. The Settlement Administrator will file a declaration with the Court, as part of the final approval papers, stating that the notice procedures set forth in this Section III of the Agreement and the Preliminary Approval Order (defined below in Paragraph 6) were followed.

6.    **Settlement Class Member Data:**  No later than seven (7) days after entry of an order granting preliminary approval of this settlement that is without material change to this Agreement or the Proposed Preliminary Approval Order (defined below in Paragraph 24) (the "Preliminary Approval Order"), Defendants and Class Counsel shall provide all information reasonably requested by the Settlement Administrator in order for it to identify Settlement Class Members' names, addresses, and other available contact information, as well as information that will assist in identifying Eligible Calls and the total number of Eligible Calls each Settlement Class Member received. As a condition to receiving information concerning the Settlement Class Members, the Settlement Administrator must execute an Agreed Confidentiality Order entered by the Court agreeing to treat the information regarding the Settlement Class Members in a confidential manner. The Settlement Administrator shall use commercially reasonable efforts to ensure the accuracy of Settlement Class Member addresses to use for purposes of sending notice as set forth below.

7.    **Settlement Class Notice:**

a.    **Mailing of Settlement Class Notice:**  Within twenty-one (21) days after entry of the Preliminary Approval Order, the Settlement Administrator shall mail postcard notice of this settlement to the Settlement Class Members via First Class Mail in the form attached hereto as **Ex. 1** (the "Notice"). The Notice shall also include a claim

form (the "Claim Form"), also in the form attached as Ex. 1, which Class Members can detach, sign, and mail to the Settlement Administrator, postage pre-paid. As used in this Settlement Agreement, the "Notice Date" refers to the date on which the Settlement Administrator mails the Notice. A long from notice (the "Long Form Notice") in the form attached hereto as **Ex. 2** will also be posted on the Settlement Website.

       **b.**    **Follow-Up Mailings:**  For any Notice that is returned with a forwarding address, the Settlement Administrator shall update that Settlement Class Member's address for purposes of administering this settlement and re-mail the Notice and Claim Form to the updated address. For any Notice that is returned without forwarding address information, the Settlement Administrator shall use commercially reasonable efforts to locate a new address for the Settlement Class Member. If such a search produces an updated address, the Settlement Administrator shall update that Settlement Class Member's address for purposes of administering this settlement and re-mail the Notice and Claim Form to the updated address.

       **c.**    **Publication Notice:**  Within twenty-one (21) days after entry of the Preliminary Approval Order, the Settlement Administrator shall publish on the internet the publication notice ("Publication Notice"). The impressions of the Publication Notice will be distributed on desktop and mobile devices via various websites in the manner recommended by the Settlement Administrator. The form and content of the Publication Notice shall be substantially as follows:

If you received a call from The Credit Wholesale Company, Inc. between October 22, 2014 through November 17, 2023 you may be eligible for a cash payment from a class action settlement.

> CLICK HERE FOR MORE
> INFORMATION OR TO
> SUBMIT A CLAIM
> [link to Settlement Website]

     **8.**    **Settlement Administration Website:**  Within twenty-one (21) days after entry of the Preliminary Approval Order, the Settlement Administrator shall develop and activate a settlement administration website (the "Settlement Website"). The Settlement Website shall post a copy of the Amended Complaint, the Long Form Notice, this Agreement, and any other materials the Parties agree to include, and shall be designed and constructed to electronically accept Claim Forms from Settlement Class Members for a Settlement Class Member Payment. The Settlement Administrator shall secure a URL for the Settlement Website approved by the Parties. The content and format of the website will be agreed upon by the Parties.

     **9.**    **Settlement Call Center:** The Settlement Administrator shall designate a toll-free number for receiving calls related to the settlement (the "Settlement Call Center"). Anyone may call the Settlement Call Center from anywhere in the United States to ask questions of the Settlement Administrator about the settlement. The Parties shall jointly resolve any dispute that may arise regarding the operation of the Settlement Call Center. The Settlement Call Center shall be maintained from the date that is twenty-one (21) days after entry of the Preliminary Approval

Order until thirty-five (35) days after the Final Settlement Date as defined below in Paragraph 15.

**10.     Cost of Settlement Administration:**  Costs and expenses of settlement administration shall be paid by Defendants up to Two Hundred Thousand Dollars ($200,000). Any Settlement Administration Costs in excess of $200,000 shall be paid from the Settlement Fund. Such costs shall include, but not be limited to: (i) preparing, mailing, and monitoring all necessary notices and related documents; (ii) developing, maintaining, and operating the Settlement Website; (iii) communicating with and responding to Settlement Class Members; (iv) processing claims submitted by Settlement Class Members and computing settlement payments for Settlement Class Members; (v) distributing payments to Settlement Class Members; (vi) the cost of mailing, obtaining, and administering Form W9's, (vii) postage costs; (viii) costs associated in locating Settlement Class Members and reissuing checks; (ix) fees and costs incurred for any vendors or other third parties in the administration of the settlement; (x) tax obligations in connection with interest earned on the Settlement Fund; (xi) the costs of the CAFA Notice (as defined below in Paragraph 11); (xii) costs of establishing and maintaining an escrow account for the Settlement Payment; and (xiii) other fees and costs reasonably incurred in administering the settlement contemplated herein (collectively, the "Settlement Administration Costs").

**11.     CAFA Notice:**  Defendants shall comply with and timely send all notices required under 28 U.S.C. § 1715 (the "CAFA Notice"), but may delegate that responsibility to the Settlement Administrator.

**12.     Processing Submitted Claims and the Settlement Class Member Report:**  The Settlement Administrator shall employ reasonable procedures to process each claim submitted by a Settlement Class Member and to determine whether it is a valid claim that was submitted in accordance with the directions on the Claim Form or Settlement Website and satisfies the conditions of eligibility for a Settlement Class Member Payment as set forth in this Agreement. Within twenty-one (21) days after the Claims Deadline, the Settlement Administrator shall provide Class Counsel and counsel for Defendants with a report setting forth the identity of all Settlement Class Members who validly and timely submitted a claim for a Settlement Class Member Payment and for each such Settlement Class Member: (i) the total number of Eligible Calls for which the Settlement Class Member submitted a claim to receive a Settlement Class Member Payment, and (ii) the total amount of the Settlement Class Member Payment for that Settlement Class Member (the "Settlement Class Member Report"). The Settlement Class Member Report shall also state the total amount of all Settlement Class Member Payments.

### IV.     FUNDING AND TIMING OF SETTLEMENT

**13.     Funding of Settlement:**  Within fourteen (14) days after the entry of the Preliminary Approval Order, Defendants shall remit to the Settlement Administrator the entire amount of the Settlement Payment ($19,500,000) and Defendants' portion of Settlement Administration Costs ($200,000). The Settlement Administrator shall hold these funds in escrow and shall disburse them in accordance with the terms of this Agreement. If this Settlement is deemed or declared invalid or void *ab initio* for any reason, including the reasons set forth in

Paragraphs 26 and 27 below, the Settlement Administrator shall immediately refund the Settlement Payment and Defendants' portion of Settlement Administration Costs to Defendants less any amounts already expended by the Settlement Administrator on Settlement Administration Costs.

14.    **Timing of Settlement Class Member Payments:**  The Settlement Administrator shall mail the Settlement Class Member Payments to Settlement Class Members within twenty-one (21) days after the Final Settlement Date (as defined below in Paragraph 15).

15.    **Final Settlement Date:**  The "Final Settlement Date" shall be the thirty-first (31st) day after the Court enters a final and appealable order and/or judgment approving this Agreement that is without material change to this Agreement or the Proposed Final Approval Order (defined below in Paragraph 21) (the "Final Approval Order"), but only if there is no appeal taken from the Final Approval Order. If an appeal is taken from the Final Approval Order, the Final Settlement Date shall be the date on which a reviewing court affirms the Final Approval Order, dismisses the appeal, or denies review and (i) all avenues of appeal and/or rehearing have been exhausted, or (ii) the time for seeking further appeals and/or a petition for rehearing has expired. If an appeal is taken from the Final Approval Order, then within fourteen (14) days of the filing of any such appeal, the Settlement Administrator shall deposit the Net Settlement Fund into a separate, interest-bearing account, which account must be reasonably acceptable to Class Counsel. If the Final Settlement Date occurs, the interest earned on this account shall serve to increase the Net Settlement Fund and, thus, individual Settlement Class Member Payments. If the Settlement is deemed or declared invalid or void *ab initio* for any reason, then the interest earned on this account shall be included in the refund to Defendants in accordance with Paragraph 13.

16.    **Reissuance of Checks for Settlement Class Member Payments:**  Settlement Class Members shall have ninety (90) days from the date a Settlement Class Member Payment check is issued in which to cash or deposit the check. Upon expiration of the ninety (90) day period set forth in the first sentence of this Paragraph, the Settlement Administrator shall re-issue checks to all Settlement Class Members who failed to cash or deposit their initial Settlement Class Member Payment check. These checks shall also have a ninety (90) day expiration period. The funds for Settlement Class Member Payment checks that remain uncashed or undeposited after this expiration date shall be maintained by the Settlement Administrator for a period of at least eighteen (18) months from the Final Settlement Date during which period of time Settlement Class Members who did not timely cash or deposit their Settlement Class Member Payment check shall be allowed to request the Settlement Administrator to re-issue the check upon reasonable verification that it is the actual Settlement Class Member or heir, successor, or executor to the Settlement Class Member. The Settlement Administrator shall use all reasonable efforts to ensure Settlement Class Member Payments are received and cashed by Settlement Class Members. If, at the expiration of the eighteen (18) month period after the Final Settlement Date, Settlement Class Member Payment checks still remain uncashed or undeposited, then any such remaining funds shall be considered "Residual Funds" and distributed in accordance with Paragraph 30 below.

V.    INCENTIVE AWARDS AND CLASS COUNSEL'S FEES AND COSTS

**17.    Named Plaintiffs' Incentive Award:**  Class Counsel may petition the Court for incentive awards in the amount of Seven Thousand Five Hundred dollars ($7,500) each to Plaintiffs Central Coast Tobacco Company, LLC and Aguilar Auto Repair, LLC. The incentive awards awarded by the Court shall be paid from the Settlement Fund. Within three (3) business days after the Final Settlement Date, the Settlement Administrator shall deliver to Class Counsel separate checks in the name of Central Coast Tobacco Company, LLC and Aguilar Auto Repair, LLC in the amount of their respective incentive awards awarded by the Court.

**18.    Class Counsel's Attorneys' Fees and Costs:**  Class Counsel will petition the Court for an award of attorneys' fees from the Settlement Fund not to exceed one-third (33.33%) of the Settlement Fund, as well as an additional amount to be paid from the Settlement Fund for actual costs. Class Counsel shall file such motion or petition supporting their request for attorneys' fees and costs with the Court no later than thirty-five (35) days prior to the deadline for Settlement Class Members to object to the settlement as set forth below in Paragraph 20. Defendants will not oppose this petition. Within three (3) business days after the Final Settlement Date, the Settlement Administrator shall remit to Class Counsel the entire amount of the attorneys' fees and costs awarded by the Court. If an appeal is taken from the Final Approval Order, however, then (i) within fourteen (14) days of the filing of any such appeal, the Settlement Administrator shall deposit the amount of attorneys' fees and costs awarded by the Court from the Settlement Fund into a separate, interest-bearing account, which account must be reasonably acceptable to Class Counsel; and (ii) the attorneys' fees and costs awarded to Class Counsel shall be disbursed from this interest-bearing account, including all interest, to Class Counsel within three (3) days after the Final Settlement Date. If the Settlement is deemed or declared invalid or void *ab initio* for any reason, then the interest earned on this account shall be included in the refund to Defendants in accordance with Paragraph 13.

VI.    RIGHT TO OPT-OUT OR OBJECT

**19.    Exclusion/Opt-Out Elections:**  Settlement Class Members may elect not to be part of the Lawsuit and not to be bound by this Agreement (*i.e.*, "opt-out"). To make this election, Settlement Class Members must mail a written letter (the "Opt-Out Election") to the Settlement Administrator at an address specified in the Notice stating: (i) the name and case number of the Lawsuit: *Aguilar Auto Repair, LLC, et al. v. Wells Fargo Bank, N.A., et al.*, Case No. 3:23-cv-06265; (ii) the name, address, and telephone number of the Settlement Class Member electing exclusion; (iii) if the Settlement Class Member is a business, the name and title of the person submitting the opt-out election for the Settlement Class Member and a representation that he or she has authority to do so on behalf of the Settlement Class Member; and (iv) a statement to the effect that the Settlement Class Member elects to be excluded from the Lawsuit and elects not to participate in the settlement. Opt-Out Elections must be postmarked no later than forty-nine (49) days after the Notice Date (the "Opt-Out Deadline"). Except for those Settlement Class Members who have properly and timely mailed an Opt-Out Election, all Settlement Class Members will be bound by this Agreement and the Final Approval Order. Within three (3) business days of receiving an Opt-Out Election, the Settlement Administrator shall provide counsel for Defendants and Class Counsel with a copy of the election and a report

indicating the number of Eligible Calls associated with the Settlement Class Member who made the election.

**20.    Objections:**  Any Settlement Class Member who has not submitted a timely Opt-Out Election and who wishes to object to the fairness, reasonableness, or adequacy of the proposed settlement, to the attorneys' fees and costs requested by Class Counsel, or the requested incentive awards, must do so by filing a written objection with the Court no later than forty-nine (49) days after the Notice Date (the "Objection Deadline"). It shall be the objector's responsibility to ensure timely receipt of any objection by the Court. To be considered by the Court, the objection must: must (i) clearly identify the case name and number (*Aguilar Auto Repair, LLC, et al. v. Wells Fargo Bank, N.A., et al.*, Case No. 3:23-cv-06265), (ii) be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Northern District of California or by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102, and (iii) be filed or postmarked on or before the Objection Deadline. Settlement Class Members may retain counsel at their own expense to object to the settlement and/or appear at the final approval hearing. If a Settlement Class Member is not a sole proprietorship or is otherwise a separate business entity, it may be required to make its objection or appear at the final approval hearing through an attorney. If a Settlement Class Member makes an objection or appears at the final approval hearing through an attorney, the Settlement Class Member will be responsible for his or her personal attorney's fees and costs. Any Settlement Class Member who fails to file a timely objection shall have waived any right to object to this Agreement and shall not be permitted to object at the final approval hearing and shall be foreclosed from seeking any review of this settlement by appeal or other means.

## VII.    DISMISSAL AND RELEASE

**21.    Dismissal:**  In connection with the motion for final approval of the settlement, the Parties, through counsel, shall submit to the Court a proposed order granting final approval of the settlement and dismissal of the Lawsuit against Defendants with prejudice (the "Proposed Final Approval Order"). The Parties shall jointly agree on the contents of the Proposed Final Approval Order, which shall, among other things, provide that the Court will retain jurisdiction with respect to the implementation and enforcement of the terms of this Agreement. All Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

**22.    Plaintiffs and Settlement Class Member Release.**

**a.    Release Upon Final Approval Order:** Upon entry of the Final Approval Order, Plaintiffs and each Settlement Class Member who has not timely submitted an Opt-Out Election, on behalf of themselves and each of their respective agents, administrators, employees, representatives, successors, assigns, trustees, joint venturers, partners, legatees, heirs, personal representatives, predecessors, and attorneys (collectively the "Releasing Parties"), hereby jointly and severally release and forever discharge Defendants and First Data Merchants Services, LLC ("First Data") and each of

their respective former, present, and future direct and indirect parents, affiliates, subsidiaries, successors, and predecessors and all of their respective former, present, and future officers, directors, shareholders, indemnitees, employees, agents, representatives, attorneys, accountants, auditors, independent contractors, successors, trusts, trustees, partners, associates, principals, divisions, insurers, reinsurers, members, brokers, consultants, and vendors and all persons acting by, through, under, or in concert with them, or any of them (collectively, the "Released Parties"), from any and all manner of actions, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent, which they have or may have arising out of, relating to, or in connection with the calls placed by Wholesale between October 22, 2014 through November 17, 2023 as described in the class definition set forth in Paragraph 23 below ("Eligible Calls"), including but not limited to claims for violation of CIPA, including but not limited to Section 632 and Section 632.7, or any other federal, state, or local statute, regulation, or common law relating to the Eligible Calls (the "Released Claims").

     **b.**    **Unknown Claims:**  Each Releasing Party acknowledges that it may hereafter discover facts different from, or in addition to, those which it now claims or believes to be true with respect to the Released Claims, and agrees that this Agreement shall remain effective in all respects notwithstanding the discovery of such different, additional, or unknown facts. With respect to any and all Released Claims, each Releasing Party hereby expressly waives, and shall be deemed to have waived, to the fullest extent permitted by law, the provisions, rights, and benefits conferred by California Civil Code Section 1542, which section reads as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Each Releasing Party further shall be deemed to have, and shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable, or equivalent to California Civil Code Section 1542. This release applies to any claim any Releasing Party may have arising out of, relating to, or in connection with the Eligible Calls, whether that claim arises under CIPA or any other legal theory or cause of action relating to the calls. For example, if a Settlement Class Member believes that an Eligible Call violated some law other than CIPA or breached a contract, such a claim would be barred by this release. The Parties acknowledge, and the Settlement Class Members shall be deemed by operation of the Final Approval Order to have acknowledged, that the foregoing waivers are a material element of the Agreement of which this release is a part.

### VIII. Miscellaneous Provisions

**23.    Settlement Class Definition:**  For settlement purposes, the Parties have agreed to define the settlement class as follows:

> All businesses or individuals who received a telephone call from The Credit Wholesale Company, Inc. on a telephone in California between October 22, 2014 and November 17, 2023.

Excluded from the class are (i) the Judge and Magistrate Judge presiding over this Lawsuit and members of their immediate families, and (ii) Defendants and their employees, contracted sales agents, subsidiaries, parent companies, successors, and predecessors.

Any business or individual meeting the definition of this class shall be referred to herein as a "Settlement Class Member" and, collectively, as the "Settlement Class" or "Settlement Class Members."

Defendants dispute that the putative class would be manageable or that issues common to the class predominate over individual issues and deny that the class should be certified on the claims asserted in the Lawsuit. However, solely for the purposes of avoiding the expense and inconvenience of further litigation, Defendants do not oppose the certification of the Settlement Class, for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(b)(3). Preliminary certification of the Settlement Class for settlement purposes shall not be deemed a concession that certification of the putative class or any litigation class is appropriate, nor would Defendants be precluded from opposing class certification in further proceedings in the Lawsuit if this Agreement does not receive final approval. If the Final Settlement Date does not occur for any reason whatsoever, the certification of the Settlement Class will be void, and no doctrine of waiver, estoppel, or preclusion will be asserted in any proceedings involving Defendants. No agreements made by or entered into by Defendants in connection with this Agreement may be used by Plaintiffs, any Settlement Class Member, or any other persons or entities to establish any of the elements of class certification in any other proceedings against Defendants.

**24.    Preliminary Approval Motion:**  Upon full execution of this Agreement, Plaintiff will file a motion for preliminary approval of this class action settlement and to certify a Settlement Class in accordance with the terms of this Agreement. Defendants will not oppose a motion to certify the Settlement Class in accordance with the terms of this Agreement. The motion for preliminary approval shall submit to the Court a proposed order granting preliminary approval of the settlement and certification of the Settlement Class for settlement purposes. The Parties shall jointly agree on the contents of the proposed order (the "Proposed Preliminary Approval Order").

**25.    Final Approval Hearing:**  Contemporaneously with the motion for preliminary approval of the settlement of the Lawsuit, the Parties shall request that the Court schedule a final approval hearing no earlier than thirty-five days (35) days after the Claims Deadline. No later than seven (7) days prior to the final approval hearing, Plaintiffs shall file a motion for final approval of the settlement and entry of the Proposed Final Approval Order. Plaintiffs shall

include with this motion a list of all Settlement Class Members who validly and timely submitted an Opt-Out Election.

26.     **Status of Lawsuit If Settlement Is Not Approved:**  This Agreement is being entered into for settlement purposes only. There is no settlement if (i) the Court conditions the preliminary or final approval of this settlement on any substantive modifications of this Agreement (other than modifications to the time periods and dates described herein, additional notice to the class, or other procedural aspects of the Agreement) that are not acceptable to all Parties; (ii) if the Court does not approve this Agreement or enter the Preliminary Approval Order or the Final Approval Order; or (iii) if the Final Settlement Date does not occur for any reason. In such event, then (i) this Agreement is terminated, will be deemed null and void *ab initio*, and no Party shall be bound by any of its terms; (ii) to the extent applicable, any preliminary order approving the settlement or certifying the Settlement Class shall be vacated; (iii) the Parties shall request that the Court, following a further conference with the Parties, establish a schedule for the continuation of the Lawsuit; (iv) there will have been no admission of liability or that a class should be certified and no waiver of any claim or defense of any kind whatsoever; and (v) neither the settlement nor any of its provisions or the fact that this Agreement has been made shall be admissible in the Lawsuit or in any other action for any purpose whatsoever.

27.     **Right to Set Aside Settlement:**  Defendants shall have the right to set aside or rescind this Agreement, in the sole exercise of their discretion, if Settlement Class Members who received more than one thousand (1,000) of the Eligible Calls opt out of the settlement. In order to exercise this right, Defendants must inform Class Counsel of their decision to set aside the settlement in writing within fourteen (14) days after the Opt-Out Deadline. In the event Defendants exercise their discretion to set aside the settlement, this Agreement and all negotiations, proceedings, documents prepared, and statements made in connection with this settlement and this Agreement shall have been made without prejudice to the Parties, shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law, and shall not be used in any manner for any purpose. All Parties shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court. In such event, the Parties to the Lawsuit shall move the Court to vacate any and all orders entered by the Court pursuant to the provisions of this Agreement.

28.     **Additional Claims Period:**  If the number of Eligible Calls for which a claim was submitted pursuant to Paragraph 4 above is insufficient to exhaust the entire Net Settlement Fund at the maximum payment of Five Thousand Dollars ($5,000) per Eligible Call, then an additional opportunity for Settlement Class Members to submit a claim shall be offered as follows: Within twenty-one (21) days after the Claims Deadline, the Settlement Administrator shall mail an additional communication and Claim Form to all Settlement Class Members who did not submit a claim and afford them an additional twenty-eight (28) days to submit a claim by mail or online. The Parties will jointly agree on the content of the communication. If, upon expiration of this additional claims period, the number of Eligible Calls for which a claim was submitted is insufficient to exhaust the entire Net Settlement Fund at the maximum payment of Five Thousand Dollars ($5,000) per Eligible Call, then any such remaining funds shall be

considered "Residual Funds" and distributed in accordance with Paragraph 30 below. Under no circumstances will any of these amounts revert to any of the Defendants.

29.     **Settlement Class Member Payments Requiring Form W9:**  If the size of Settlement Class Member Payments requires the Settlement Administrator to obtain a Form W9 from Settlement Class Members, the Settlement Administrator shall use all reasonable efforts to obtain those forms from Settlement Class Members, including the mailing of additional communications to Settlement Class Members. If, at the expiration of the eighteen (18) month period after the Final Settlement Date, funds remain for Settlement Class Member Payments due to the Settlement Class Members' failure to provide the Settlement Administrator with a Form W9, then any such funds shall be considered "Residual Funds" and distributed in accordance with Paragraph 30.

30.     **Distribution of Residual Funds and *Cy Pres*:**  No later than twenty (20) months after the Final Settlement Date, the Settlement Administrator shall distribute the Residual Funds, including those set forth in Paragraphs 16, 28, and 29, on a *pro rata* basis, based on Eligible Calls, to Settlement Class Members who submitted a Form W9; however, in no event will a Settlement Class Member receive payment per Eligible Call in excess of $5,000. The costs associated with this subsequent distribution may be paid from the Residual Funds. Checks for these subsequent payments shall expire ninety (90) days from issuance. If checks for these payments remain uncashed or undeposited upon expiration date for these checks, or if funds remain after the *pro rata* distribution to Settlement Class Members who submitted a Form W9, then any such remaining funds (less final Settlement Administration Costs) shall be paid to the Electronic Frontier Foundation. Under no circumstances will any of these amounts revert to any of the Defendants.

31.     **Change of Time Periods:**  All procedural time periods and dates described in this Agreement are subject to the Court's approval and subject to modification. These time periods and dates may be changed by the Court or by the Parties' written agreement with or without notice to the Settlement Class as the Court may direct.

32.     **Weekend and Holiday Deadlines:**  If any deadline established by this Agreement falls on a weekend or court holiday, any such deadline shall be deemed to be extended to the next business day.

33.     **Binding on Successors:**  Plaintiffs represent and warrant that they have not assigned any claim or right or interest relating to any of the Released Claims against the Released Parties to any other person or party and that they are fully entitled to release same. This Agreement binds and benefits the Parties' respective successors, assigns, legatees, heirs, and personal representatives. This agreement shall not be construed to create rights in, or to grant remedies to, or delegate any duty, obligation, or undertaking established herein to any third party as a beneficiary to this Agreement.

34.     **Entire Agreement:**  This Agreement and the attached exhibits contain the entire agreement and understanding of the Parties with respect to the matters set forth herein, and constitute the complete, final, and exclusive embodiment of their agreement with respect to the

settlement of the Lawsuit. This Agreement and the attached exhibits supersede any and all prior agreements, negotiations, arrangements, or understandings, whether written or oral, express or implied, between them relating to the subject matter hereof. The Parties agree that there are no understandings with respect to the settlement of the Lawsuit, whether written, oral, express, implied, or otherwise, except as set forth in this Agreement and the attached exhibits, and that in entering into this Agreement, no Party has relied, or is entitled to rely, upon any promise, inducement, representation, statement, assurance, or expectation unless it is contained herein in writing.

**35.    Exhibits:** The exhibits to this Agreement are integral parts of the Agreement and are incorporated into this Agreement as though fully set forth herein.

**36.    Recitals:** The Recitals are incorporated by this reference and are part of this Agreement.

**37.    Modifications and Amendments:** No amendment, change, or modification to this Agreement will be valid unless in writing signed by the Parties or their counsel.

**38.    Construction and Interpretation:** Neither the Parties nor any of the Parties' respective attorneys shall be deemed the drafter of this Agreement for purposes of interpreting any provision in this Agreement. This Agreement has been, and must be construed to have been, drafted by all the Parties to it so that any rule that construes ambiguities against the drafter will have no force or effect.

**39.    Counterparts:** This Agreement may be executed in counterparts, each of which constitutes an original, but all of which together constitutes one and the same instrument. Several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies or PDF copies of executed copies of this Agreement shall be treated as originals.

**40.    Waiver:** Except as set forth above with respect to the Claims Deadline, the Objection Deadline, the Opt-Out Deadline, and the right to set aside the settlement as set forth in Paragraph 27 above, no delay on the part of any Party in the exercise of any right, power, or remedy shall operate as a waiver thereof, nor shall any single or partial exercise of any right, power, or remedy preclude the further exercise thereof, or the exercise of any other right, power, or remedy. The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

**41.    Governing Law:** This Agreement shall be governed and interpreted in accordance with the laws of the State of California and without regard to conflicts of law principles.

**42.    Attorneys' Fees and Costs:** Other than the payment of Class Counsel's attorneys' fees and costs in accordance with Paragraph 18 above and Settlement Administration Costs in accordance with Paragraph 10 above, each Party shall bear their own attorneys' fees and costs relating in any way to the Lawsuit or this Agreement, or the subject matter of any of them.

This Paragraph shall in no way affect any indemnification obligations or separate agreements among Defendants. It is intended only to clarify the obligations between Plaintiffs and Defendants. To the extent this Paragraph conflicts with any indemnification obligations or separate agreements among Defendants, those agreements shall control.

      **43.**   **Taxes:**  Under no circumstances will Defendants have any liability for any taxes or tax expenses under this Agreement. Plaintiffs, Class Counsel, Settlement Class Members, and the recipients of any *cy pres* funds are responsible for any taxes on their respective recoveries or awards. Nothing in this Agreement, or statements made during the negotiation of its terms, shall constitute tax advice by Defendants or Defendants' counsel.

      **44.**   **No Admission of Liability:**  This Agreement reflects the Parties' compromise and settlement of disputed claims. Defendants are entering into this Agreement in order to compromise and resolve disputed claims that they believe have no validity so as to avoid further litigation. Defendants, by entering into this Agreement, do not admit liability and, in fact, expressly deny liability. The provisions of this Agreement, and all related drafts, communications and discussions, and any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement, shall not be construed as or deemed to be evidence of an admission or concession of any point of fact or law by any Party. To the extent permitted by law, neither this Agreement, nor any of its terms or provisions, nor any of the negotiations, actions or proceedings connected with it, shall be admissible as evidence in this Lawsuit or any other pending or future civil, criminal, or administrative action or proceeding for any purpose whatsoever other than seeking preliminary and final approval of this Agreement or in any proceeding brought to enforce this Agreement.

      **45.**   **Parties Represented by Counsel:**  The Parties acknowledge that: (i) Plaintiffs have been represented by independent counsel of their own choosing; (ii) Defendants have been represented by independent counsel of their own choosing; (iii) they have read this Agreement and are fully aware of its contents; and (iv) their respective counsel fully explained to them the Agreement and its legal effect. The Parties executed this Agreement voluntarily and without duress or undue influence, and intend to be legally bound by this Agreement.

      **46.**   **Authorization:**  The Parties represent that they each have all necessary power and authority to enter into this Agreement and to carry out such Party's obligations hereunder. Each signatory below represents and warrants that he or she is fully entitled and duly authorized to enter into this Agreement on behalf of the Party on whose behalf he or she is signing.

      **47.**   **Other Communications:**  Neither the Parties nor their counsel will issue press releases or provide any other statements to the press regarding this settlement, unless all Parties, each in their sole discretion, agree to such press releases or statements. Neither the Parties nor their counsel will make a statement of any kind to any third party regarding the settlement prior to applying for preliminary approval, with the exception of communications with the Settlement Administrator or prospective Settlement Administrators. Neither the Parties nor their counsel shall include content concerning this settlement on their website(s), on social media platforms, or in any promotional publications concerning their services that includes the names of any of the Defendants, unless all Parties, each in their sole discretion, agree to such content.

Notwithstanding the foregoing, this provision (i) shall not prohibit Settlement Class Counsel from communicating with any Settlement Class Member regarding the Lawsuit or this settlement; and (ii) shall not apply to statements made by Defendants or their respective affiliates as part of filings with the Securities and Exchange Commission pursuant to the Securities Exchange Act of 1934 and any related disclosures or communications with shareholders or investors.

48. **Support and Cooperation to Obtain Court Approval and in Administering the Settlement:** The Parties agree, subject to their legal obligations, to support this Agreement and to cooperate to the extent reasonably necessary in producing information, executing any documents, or taking any additional actions which are consistent with and which may be necessary or appropriate to secure the Court's preliminary and final approval of this Agreement, or to effectuate the terms and administration of this Agreement.

49. **Notice to Counsel:** All notices to Class Counsel provided for herein shall be sent by overnight mail or courier and email to:

Myron M. Cherry
mcherry@cherry-law.com
Jacie C. Zolna
jzolna@cherry-law.com
Benjamin R. Swetland
bswetland@cherry-law.com
Myron M. Cherry & Associates, LLC
30 North LaSalle Street, Suite 2300
Chicago, Illinois 60602

All notices to counsel for Defendants provided for herein shall be sent by overnight mail or courier and email to:

John Peterson
john.peterson@polsinelli.com
Matthew S. Knoop
mknoop@polsinelli.com
Polsinelli PC
501 Commerce St., Ste. 1300
Nashville, Tennessee 37203
*Counsel for Wells Fargo Bank, N.A.*

Phyllis B. Sumner
psumner@kslaw.com
Billie B. Pritchard
bpritchard@kslaw.com
King & Spalding, LLP
1180 Peachtree Street, NE
Suite 1600

Atlanta, GA 30309
*Counsel for Priority Technology Holdings, Inc. and Priority Payment Systems, LLC*

Micah Nash
mnash@delawllp.com
William J. Edelman
wedelman@delawllp.com
Delahunty & Edelman, LLP
4 Embarcadero Center, Ste. 1400
San Francisco, California 94111
*Counsel for The Credit Wholesale Company, Inc.*

The notice recipients and addresses designated above may be changed by written notice.

**The remainder of this page is intentionally left blank.**

Dated: 22 Oct, 2024

**CENTRAL COAST TOBACCO COMPANY, LLC**

By:  Wyatt Miller
Its:
Individually and in a representative capacity

Dated: _____, 2024

**AGUILAR AUTO REPAIR, LLC**

By:  Frank Aguilar
Its:
Individually and in a representative capacity

Dated: _____, 2024

**CLASS COUNSEL**

Myron M. Cherry, as Class Counsel

Jacie C. Zolna, as Class Counsel

Benjamin R. Swetland, as Class Counsel

Dated: _____, 2024   **CENTRAL COAST TOBACCO COMPANY, LLC**

_____

By:  Wyatt Miller
Its:
Individually and in a representative capacity

Dated: _10/24_, 2024   **AGUILAR AUTO REPAIR, LLC**

_____

By:  Frank Aguilar
Its:
Individually and in a representative capacity

Dated: _____, 2024   **CLASS COUNSEL**

_____

Myron M. Cherry, as Class Counsel

_____

Jacie C. Zolna, as Class Counsel

_____

Benjamin R. Swetland, as Class Counsel

17

Dated: _____, 2024          CENTRAL COAST TOBACCO COMPANY, LLC

                                  _____
                                  By:  Wyatt Miller
                                  Its:
                                  Individually and in a representative capacity


Dated: _____, 2024          AGUILAR AUTO REPAIR, LLC

                                  _____
                                  By:  Frank Aguilar
                                  Its:
                                  Individually and in a representative capacity


Dated: OCT. 21, 2024              CLASS COUNSEL

                                  _____
                                  Myron M. Cherry, as Class Counsel

                                  _____
                                  Jacie C. Zolna, as Class Counsel

                                  _____
                                  Benjamin R. Swetland, as Class Counsel

17

Dated: 10/30/2024 , 2024         **WELLS FARGO BANK, N.A.**

Signed by:

*Calvin Hoffman*

AF04E0B95D7844B...

By: Calvin Hoffman

Its: Executive Director


Dated: _____, 2024         **PRIORITY TECHNOLOGY HOLDINGS, INC.**

By: _____

Its:


Dated: _____, 2024         **PRIORITY PAYMENT SYSTEMS, LLC**

By: _____

Its:


Dated: October 29 , 2024         **THE CREDIT WHOLESALE COMPANY, INC**

By: Mark T Hodges

Its: CEO

**DocuSign**

| Certificate Of Completion |
|---|

Envelope Id: 6BF3397A90864AEEB2A34299997117C1        Status: Completed
Subject: Complete with Docusign: 2024.10.29 - Wholesale Executed-c.pdf
Source Envelope:
Document Pages: 1      Signatures: 1        Envelope Originator:
Certificate Pages: 3      Initials: 0        Tina Mitchell
AutoNav: Enabled        420 Montgomery St.
EnvelopeId Stamping: Enabled        San Francisco, CA  94104
Time Zone: (UTC-08:00) Pacific Time (US & Canada)        Tina.M.Mitchell@wellsfargo.com
       IP Address: 159.45.71.18

| Record Tracking |
|---|

Status: Original      Holder: Tina Mitchell        Location: DocuSign
       10/29/2024 1:26:12 PM      Tina.M.Mitchell@wellsfargo.com

| Signer Events | Signature | Timestamp |
|---|---|---|
| Calvin Hoffman<br>calvin.hoffman@wellsfargo.com<br>Executive Director<br>Security Level: Email, Account Authentication<br>(None) | *Signed by:*<br>Calvin Hoffman<br>AF61E0B85D76440... | Sent: 10/29/2024 1:26:52 PM<br>Viewed: 10/29/2024 1:28:48 PM<br>Signed: 10/30/2024 6:35:57 AM |
| | Signature Adoption: Pre-selected Style<br>Using IP Address: 159.45.133.39<br>Signed using mobile | |
| **Electronic Record and Signature Disclosure:**<br>   Accepted: 10/29/2024 1:28:48 PM<br>   ID: 37fcb5fb-76ce-4310-931a-6bfccd416d69 | | |

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 10/29/2024 1:26:52 PM |
| Certified Delivered | Security Checked | 10/29/2024 1:28:48 PM |
| Signing Complete | Security Checked | 10/30/2024 6:35:57 AM |
| Completed | Security Checked | 10/30/2024 6:35:57 AM |

| Payment Events | Status | Timestamps |
|---|---|---|

| Electronic Record and Signature Disclosure |
|---|

Dated: _____, 2024          **WELLS FARGO BANK, N.A.**


_____
By:
Its:


Dated: _____, 2024          **PRIORITY TECHNOLOGY HOLDINGS, INC.**


_____
By: Bradley J. Miller
Its: General Counsel and Chief Risk Officer


Dated: _____, 2024          **PRIORITY PAYMENT SYSTEMS, LLC**


_____
By: Bradley J. Miller
Its: General Counsel and Chief Risk Officer


Dated: _____, 2024          **THE CREDIT WHOLESALE COMPANY, INC**


_____
By:
Its:

# Exhibit 1

You or your business are eligible to share in a $19,5000,000 settlement if you sign and return the attached claim form or if you submit a claim online at [insert settlement website address] by [date]. **The estimated minimum settlement payment is approximately $___ for each eligible call you received from The Credit Wholesale Company, Inc. and could be as high as $5,000 per call**, but you need to submit a claim to receive payment.

Para una notificación en español, visite [insert settlement website address]

**What is this notice about?**

On [insert date], the United States District Court for the Northern District of California granted preliminary approval of this class action settlement. The Court directed the parties to send this notice. This notice summarizes the proposed settlement. A Long Form Notice, the settlement agreement, and other information can be viewed at [insert settlement website address].

**What is the Lawsuit about?**

The lawsuit, entitled *Aguilar Auto Repair, LLC, et al. v. Wells Fargo Bank, N.A., et al.*, Case No. 3:23-cv-06265 (the "Lawsuit"), alleges that The Credit Wholesale Company, Inc. ("Wholesale") recorded certain calls to California residents without disclosing that the call was being recorded in violation of the California Invasion of Privacy Act. The Lawsuit further alleged that the purpose of these calls was to set appointments to sell credit card processing equipment and services on behalf of Wells Fargo Bank, N.A., Priority Technology Holdings, Inc., and Priority Payment Systems, LLC, all of whom, along with Wholesale, are named as defendants in the Lawsuit. Defendants deny any wrongdoing or liability in connection with the Lawsuit. The Court has not decided who is right.

**How do you get a payment?**

**In order to receive a settlement payment you must complete and sign the attached claim form for yourself or your business and mail it to the settlement administrator, or you can submit your claim online at [insert settlement website address], by the DUE DATE of [insert date].** Settlement payments will only be issued if the proposed settlement is granted final approval by the Court.

**Who is affected?**

You may be eligible to receive a payment if you or your business received a call from Wholesale on a telephone in California between October 22, 2014 and November 17, 2023.

**What are your other options?**

If you do not want to be legally bound by the settlement, you may send a request for exclusion ("opt-out"). You will not receive any money, but you will keep your right to sue Defendants for the claims in this case. If you do not opt-out, you may object to the settlement. You will still be bound by the settlement if your objection is rejected. You cannot ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out, and the Lawsuit will continue. For details on how to opt-out or object, read the Long Form Notice available at [insert settlement website address]. Opt-outs and objections must be postmarked by [insert date]. The Court will hold a Fairness Hearing on [insert date and time] to consider whether to approve the settlement, attorneys' fees up to one-third of the settlement fund, costs of approximately $30,000-$35,000, and incentive awards of $7,500 to the two Plaintiffs. These amounts will be deducted from the $19,500,000 settlement fund. You may ask to attend the Fairness Hearing, on your own or through counsel, but you do

not have to do so. The date and time of the final approval hearing may change without further notice to the class. You can check to see if the time, manner, or location of the final approval hearing has changed by accessing the Court docket in this case, for a fee, at https://ecf.cand.uscourts.gov or at [insert settlement website address].

**Who are the lawyers for Plaintiffs and class members?**

The following lawyers are serving as Class Counsel: Myron M. Cherry, Jacie C. Zolna, and Benjamin R. Swetland of Myron M. Cherry & Associates, LLC, 30 North LaSalle Street, Suite 2300, Chicago, Illinois 60602. Class Counsel can be contacted at jzolna@cherry-law.com or (312) 372-2100.

**CLAIM FORM**

*Aguilar Auto Repair, LLC, et al. v. Wells Fargo Bank, N.A., et al.* Case No. 3:23-cv-06265
United States District Court for the Northern District of California
**Claim ID:**
**PIN Code:**

**INSTRUCTIONS**:  Please sign below and return this Claim Form by mail. No postage is necessary if you detach and mail this postcard Claim Form.

**In order to receive your settlement payment, you must submit your claim no later than [insert date] by mailing this Claim Form to the settlement administrator or by submitting a claim online at [insert website address].** If your settlement payment is in excess of $600, you will be required by law to submit a Form W9 to the settlement administrator either by mail or secure online portal. In the event your settlement payment is in excess of $600, further instructions will follow on how to submit your Form W9.

Call records reflect that you received at least one call from The Wholesale Credit Company, Inc. between October 22, 2014 and November 17, 2023. By signing below you affirm that you have the authority to submit this Claim Form on behalf of the person or business identified above, and that, to the best of your knowledge, during the timeframe referenced above the person(s) who received calls did so in California.

Dated:_____          Signature: _____

# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **AGUILAR AUTO REPAIR, LLC,** *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) **Case No. 3:23-cv-06265** |
| | ) |
| **v.** | ) |
| | ) |
| **WELLS FARGO BANK, N.A.,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

PLEASE READ THIS NOTICE CAREFULLY. IT RELATES
TO THE PROPOSED SETTLEMENT OF A CLASS ACTION AND
CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS.

*A federal court authorized this Notice. This is <u>not a solicitation from a lawyer.</u>*

**Call records indicate that you or your business received at least one telephone call from The Credit Wholesale Company, Inc. between October 22, 2014 and November 17, 2023. Based on those records, you or your business are eligible for a <u>settlement payment</u> if you sign and return a claim form or if you submit a claim online at [insert settlement website address] on or before [date].**

The settlement provides for an **estimated minimum payment of approximately $___ for each eligible call you received and could be as high as $5,000 per call**, but you need to submit a claim as described below in order to be eligible to receive payment.

**I.      What is this notice about?**

This Notice is being sent to notify you of a class action lawsuit regarding the recording of certain calls to California businesses. On [insert date], the Court preliminarily approved a settlement of the Lawsuit. The purpose of this Notice is to inform you of the Lawsuit and the proposed settlement. In addition, this Notice will advise you of what to do if you want to remain a part of the Lawsuit, what to do if you want to be excluded from the Lawsuit, and how joining or not joining the Lawsuit may affect your legal rights.

**II.      What is the Lawsuit about?**

The class action lawsuit was filed on October 10, 2023 and is currently pending in the United States District Court for the Northern District of California, entitled *Aguilar Auto Repair, LLC, et al. v. Wells Fargo Bank, N.A., et al.*, Case No. 3:23-cv-06265 (the "Lawsuit"). The Lawsuit alleged that an independent sales organization named The Credit Wholesale Company, Inc. ("Wholesale") recorded certain calls to California residents without disclosing the fact that the call was being recorded in violation of Sections 632 and 632.7 of the California Invasion of Privacy Act ("CIPA"). The Lawsuit further alleged that the purpose of these calls was to set in-person sales appointments with the businesses to sell credit card processing equipment and services on behalf of Wells Fargo Bank, N.A. ("Wells Fargo") and Priority Technology Holdings, Inc. and Priority Payment Systems, LLC (together, "Priority"), all of whom, along with Wholesale, are named as defendants in the Lawsuit. Defendants deny any wrongdoing or liability in connection with the Lawsuit.

**III.      What are the benefits of the proposed settlement?**

Under the proposed settlement, Defendants will make a payment of $19,500,000 to create a fund on behalf of the Settlement Class Members (the "Settlement Fund"). Settlement Class Members who do not exclude themselves from the Lawsuit are eligible for a cash payment from the Settlement Fund for each call that is covered under the class definition set forth in Section VII below (an "Eligible Call" as defined in the Settlement Agreement). Settlement Class Members who received multiple Eligible Calls are entitled to a cash payment for each Eligible Call. The minimum cash payment for each Eligible Call is estimated to be approximately $____, but could be as high as $5,000 per call depending on how many claims are submitted. It is not possible at this time, however, to know the exact amount of each payment. In addition to monetary relief, Defendant Wholesale has agreed not to record appointment-setting calls to California businesses unless it discloses at the outset of the call that the call is being recorded. Defendants will also pay settlement administration costs up to $200,000.

## IV.    How do I receive a settlement payment?

**In order to receive the cash payment described in this Notice you must complete and sign the claim form that was mailed to you and mail it to the Settlement Administrator, or you can submit your claim online through the settlement website at [insert settlement website address], by the DUE DATE of [insert date].**

Regardless of whether you mail the claim form or submit a claim online, **you must do so by the DUE DATE of [insert date]** to be eligible to receive a payment. Settlement payments will only be issued if the proposed settlement is granted final approval by the Court. If your settlement payment is in excess of $600, you will be required by law to submit a Form W9 to the Settlement Administrator either by mail or secure online portal in order to receive any payment in excess of $600. In the event your settlement payment is in excess of $600, further instructions will follow on how to submit your Form W9.

## V.    Why is there a proposed settlement?

The Court has not decided in favor of either side in the Lawsuit. Plaintiffs and Class Counsel believe the claims have merit. Defendants do not believe the claims have merit. Defendants are settling to avoid the expense, inconvenience, and inherent risk of litigation. Plaintiffs and Class Counsel believe that the proposed settlement is in the best interest of Settlement Class Members because it provides appropriate recovery and other relief now while avoiding the risk, expense, and delay of pursuing the case through trial and any appeals, including the possibility of no recovery for Settlement Class Members whatsoever.

## VI.    What is a class action lawsuit?

A class action lawsuit is a legal action in which one or more people represent a large group, or class, of people. The purpose of a class action lawsuit is to resolve at one time similar legal claims of the members of the group.

## VII.    Who is in the class?

On [insert date], the Court certified the Lawsuit as a class action for settlement purposes and defined the class as follows:

> All businesses or individuals who received a telephone call from The Credit Wholesale Company, Inc. on a telephone in California between October 22, 2014 and November 17, 2023.

Any business meeting this definition shall be referred to herein as a "Settlement Class Member" and, collectively, as the "Settlement Class" or "Settlement Class Members."

## VIII.    When and where is the final approval hearing?

**The final approval hearing has been set for [insert date and time] before the Honorable Araceli Martínez-Olguín in Courtroom 10 (19th Floor) at 450 Golden Gate Avenue, San Francisco, California 94102.** The date and time of the final approval hearing may change without further notice to the class. You can check to see if the time, manner, or location of the final approval hearing has changed by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov or by checking the settlement website at [insert settlement website address].

The Court will hear any comments from the parties or objections concerning the fairness of the proposed settlement at the final approval hearing, including the amount requested for attorneys' fees and costs and the requested incentive awards. You **do not** need to attend the final approval hearing to remain a Settlement Class Member or to obtain any benefits under the proposed settlement. You or your attorney may attend the hearing, at your own expense. You do not need to attend this hearing to have a properly filed and served written objection considered by the Court.

## IX.    How can I be excluded from the Lawsuit and the settlement?

Any Settlement Class Member has the right to be excluded from the Lawsuit by written request. If you wish to be excluded from the case, you must mail a written request to the Settlement Administrator at the address set forth below stating that you want to be excluded from the class. All exclusion requests must include (i) the name and case number of the Lawsuit: *Aguilar Auto Repair, LLC, et al. v. Wells Fargo Bank, N.A., et al.*, Case No. 3:23-cv-06265; (ii) the name, address, and telephone number of the Settlement Class Member electing exclusion; (iii) if the Settlement Class member is a business, the name and title of the person submitting the opt-out election for the Settlement Class Member and a representation that he or she has authority to make such an election on behalf of the Settlement Class Member; and (iv) a statement to the effect that the Settlement Class Member elects to be excluded from the Lawsuit and elects not to participate in the settlement. A Settlement Class Member's exclusion request must be postmarked no later than **the DUE DATE of [insert date]** and sent to the following address: [insert mailing address]. If you properly and timely elect to be excluded from the case, you will not have any rights as a Settlement Class Member pursuant to the proposed settlement, you will not be eligible to receive any monetary payment under the proposed settlement, you will not be bound by any further orders or the judgment entered in the Lawsuit, and you will remain able to pursue any claims alleged in the Lawsuit against Defendants on your own and at your own expense and with your own counsel. If you proceed on an individual basis after being excluded from the Lawsuit you may receive more, or less, of a benefit than you would otherwise receive under this proposed settlement or no benefit at all. If you do not exclude yourself from the case, you will be deemed to have consented to the Court's jurisdiction and to have released the claims at issue against Defendants as explained below, and will otherwise be bound by the proposed settlement.

## X.    How can I object to the settlement?

You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out, and the Lawsuit will continue. If that is what you want to happen, you should object. Any objection to the proposed settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the final approval hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

All written objections and supporting papers must (i) clearly identify the case name and number (*Aguilar Auto Repair, LLC, et al. v. Wells Fargo Bank, N.A., et al.*, Case No. 3:23-cv-06265), (ii) be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Northern District of California or by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102, and (iii) be filed or postmarked on or before [insert date].

If a Settlement Class Member is not an individual or sole proprietorship or is otherwise a separate business entity, it may be required to make its objection or appear at the final approval hearing through an attorney. Any Settlement Class Member who fails to file a timely objection shall have waived any right to object to the Settlement Agreement and shall not be permitted to object at the final approval hearing and shall be foreclosed from seeking any review of this settlement by appeal or other means.

## XI.    What is the effect of final settlement approval?

If the Court approves the proposed settlement after the final approval hearing, it will enter a judgment dismissing the Lawsuit with prejudice and releasing all claims as described in this paragraph. If you do not exclude yourself from the case, the proposed settlement will be your sole mechanism for obtaining any relief. All Settlement Class Members who do not timely elect to opt out of the proposed settlement, and each of their respective agents, administrators, employees, representatives, successors, assigns, trustees, joint venturers, partners, legatees, heirs, personal representatives, predecessors, and attorneys release and forever discharge Defendants and First Data Merchants Services, LLC and each of their respective former, present, and future direct and indirect parents, affiliates, subsidiaries, successors, and predecessors and all of their respective former, present, and future officers, directors, shareholders, indemnitees, employees, agents, representatives, attorneys, accountants, auditors, independent contractors, successors, trusts, trustees, partners, associates, principals, divisions, insurers, reinsurers, members, brokers, consultants, and vendors and all persons acting by, through, under, or in concert with them, or any of them, from any and all manner of actions, causes of action, claims, demands, rights, suits, obligations, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent, which they have or may have arising out of, relating to, or in connection with the calls placed by Wholesale between October 22, 2014 through November 17, 2023 as described in the class definition set forth above ("Eligible Calls"), including but not limited claims for violation of CIPA, including but not limited to Section 632 and Section 632.7, or any other federal, state, or local statute, regulation, or common law relating to the Eligible Calls.

If the proposed settlement is not approved, the Lawsuit will proceed as if no settlement had been reached. There can be no assurance that if the settlement is not approved and the Lawsuit resumes that Settlement Class Members will recover more than what is provided for under the proposed settlement or will recover anything at all.

## XII.    Who are the lawyers for Plaintiffs and class members?

The following lawyers ("Class Counsel") are serving as counsel for the Settlement Class:

Myron M. Cherry
mcherry@cherry-law.com
Jacie C. Zolna
jzolna@cherry-law.com
Benjamin R. Swetland
bswetland@cherry-law.com
Myron M. Cherry & Associates, LLC

4

30 North LaSalle Street, Suite 2300
Chicago, Illinois 60602
(312) 372-2100 (telephone)
(312) 853-0279 (facsimile)

From the beginning of the case to the present, Class Counsel has not received any payment for their services in prosecuting the Lawsuit or in obtaining this proposed settlement, nor have they been reimbursed for any out-of-pocket costs they have incurred. Class Counsel will apply to the Court for an award of attorneys' fees in the amount of no more than one-third (33.33%) of the Settlement Fund, as well as an additional amount for partial reimbursement of actual costs, which Class Counsel currently estimates will be between $30,000-$35,000. If the Court approves Class Counsel's petition for fees and costs, it will be paid from the Settlement Fund. Settlement Class Members will not have to pay anything toward the fees or costs of Class Counsel. You do not need to hire your own lawyer because Class Counsel is working on your behalf and will seek final approval of the settlement on behalf of the Settlement Class Members. You may hire your own lawyer to represent you in this case if you wish, but it will be at your own expense.

Class Counsel may also petition the Court for incentive awards in the amount of $7,500 each to the Settlement Class representatives who helped Class Counsel on behalf of the whole Settlement Class.

### XIII.    Where can I get more information about the Lawsuit?

This notice summarizes the proposed settlement. For the precise terms of the settlement, please see the settlement agreement available at [insert settlement website address], by contacting the Settlement Administrator at _____, by contacting Class Counsel listed above, by accessing the Court docket in this case, for a fee, through the Court's PACER system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE OR DEFENDANTS TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

Dated:  [INSERT DATE]

BY ORDER OF THE UNITED STATES DISTRICT COURT