# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| AGUILAR AUTO REPAIR, INC. and CENTRAL COAST TOBACCO CO., LLC, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>WELLS FARGO BANK, N.A., PRIORITY TECHNOLOGY HOLDINGS, INC., PRIORITY PAYMENT SYSTEMS, LLC and THE CREDIT WHOLESALE COMPANY, INC.,<br><br>    Defendants. | Case No. 3:23-cv-06265-LJC<br><br>*Honorable Magistrate Judge Lisa J. Cisneros*<br><br>[PROPOSED] **STIPULATED FINAL JUDGMENT** |

  Plaintiffs Aguilar Auto Repair, LLC and Central Coast Tobacco Company, LLC (collectively, "Plaintiffs") and Wells Fargo Bank, N.A. ("Wells Fargo"), Priority Technology Holdings, Inc. and Priority Payment Systems, LLC (together, "Priority"), and The Credit Wholesale Company, Inc. ("Wholesale") (collectively, "Defendants"), by their respective counsel, stipulate, and the Court hereby orders, as follows:

  1) The Court hereby dismisses all claims against the Defendants released in the Settlement Agreement with prejudice and without awarding costs to any of the Plaintiffs, Defendants, or the Settlement Class Members (each a "Settling Party," and collectively, the "Settling Parties") as against any other Settling Party, except as provided in the Settlement Agreement and the Court's order approving the settlement and award of attorneys' fees, costs and incentive awards (the "Final Approval Order"). *See* ECF No. 94.

  2) Upon entry of this Final Judgment, all Plaintiffs and Settlement Class Members shall have released and discharged the Released Parties from the Released Claims, as provided in Paragraph 22 of the Settlement Agreement.

  3) The class member who opted-out of this action identified in Exhibit F to the Declaration of Frank Cordova (ECF No. 92-3) is not included in or bound by this Final Judgment.

4) Without affecting the finality of this Final Judgment, the Court retains jurisdiction as to all matters related to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and its Final Approval Order.

5) All Settlement Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating in any capacity (as class members or otherwise) in any lawsuit or other action in any jurisdiction asserting claims based on the Released Claims, or seeking an award of fees or costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Lawsuit as it relates to the Released Claims and/or as a result of or in addition to those provided by the Settlement Agreement as it relates to the Released Claims.

6) The terms of the Settlement Agreement and this Final Judgment shall have *res judicata*, collateral estoppel, and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest or expenses that were or could have been asserted in the Lawsuit as it relates to the Released Claims or that are covered by the release contained in the Settlement Agreement.

7) This Final Judgment, the Settlement Agreement, the settlement that it reflects, and all acts, statements, documents, or proceedings relating to the settlement are not, and shall not be construed as or used as an admission by or against Defendants of any fault, wrongdoing, or liability on the part of Defendants, or of the validity or certifiability for litigation of any claim or the existence of any amount of damages.

8) The Clerk is directed to enter final judgment forthwith.

**IT IS SO ORDERED**

DATED: June 3 , 2025

_____
LISA J. CISNEROS
United States Magistrate Judge

2

[PROPOSED] STIPULATED FINAL JUDGMENT
CASE NO. 3:23-cv-06265-LJC